UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WAYNE WALTON II,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SUTTER, et al.,<br><br>Defendants. | No. 2:18-cv-0080 TLN DB PS<br><br><br><br>ORDER |

Plaintiff, Gregory Walton, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) Therein, plaintiff complains about alleged civil rights violations stemming from his arrest and prosecution.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's complaint is deficient. Accordingly, for the reasons stated below, plaintiff's complaint will be dismissed with leave to amend.

I.  Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma

pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western

Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

II.     Plaintiff's Complaint

Here, for the reasons stated below, plaintiff's complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief.

    A.     "Claim #1"

The complaint's first claim for relief is asserted against the "Sutter County District Attorney's Office" for the "failure to correct false testimony." (Compl. (ECF No. 1) at 6.) "Absolute immunity is generally accorded to . . . prosecutors functioning in their official capacities." Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004). In this regard, "[a] state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities 'intimately associated with the judicial phase of the criminal process.'" Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).

Here, plaintiff may be attempting to allege a malicious prosecution claim.[1] "Malicious prosecution consists of initiating or procuring the arrest and prosecution of another under lawful process, but from malicious motives and without probable cause . . . . The test is whether the defendant was actively instrumental in causing the prosecution." Sullivan v. County of Los Angeles, 12 Cal.3d 710, 720 (Cal. 1974). To prevail on a § 1983 claim of malicious prosecution, the plaintiff must show that the defendant prosecuted plaintiff: (1) with malice; (2) without

---

[1] The complaint also makes a reference to "Violation Brady." (Compl. (ECF No. 1.) at 6.) "To state a claim under Brady, the plaintiff must allege that (1) the withheld evidence was favorable either because it was exculpatory or could be used to impeach, (2) the evidence was suppressed by the government, and (3) the nondisclosure prejudiced the plaintiff." Smith v. Almada, 640 F.3d 931, 939 (9th Cir. 2011).

3

probable cause; and (3) "'[f]or the purpose of denying [plaintiff] equal protection or another specific constitutional right.'" Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)); see also Lassiter v. City of Bremerton, 556 F.3d 1049, 1054-55 (9th Cir. 2009)("[p]robable cause is an absolute defense to malicious prosecution"). "Further, because the state tort common law has been incorporated into the elements of a § 1983 malicious prosecution claim, a plaintiff must generally show that the prior prosecution terminated in a manner that indicates innocence, i.e. a favorable termination." Mazzetti v. Bellino, 57 F.Supp.3d 1262, 1268 (E.D. Cal. 2014) (citing Awabdy, 368 F. 3d at 1066-68).

However, plaintiff is advised that in Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a plaintiff may not prevail on § 1983 claim if doing so "would necessarily imply the invalidity" of plaintiff's conviction arising out of the same underlying facts as those at issue in the civil action "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. Thus, "Heck says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'" Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir. 2005) (quoting Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)). "Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence . . . .'" Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting Smithart, 79 F.3d at 951).

Moreover, under the Rooker-Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well. Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide

Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d at 1164); see also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), cert. denied 547 U.S. 1111 (2006)). "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158); see also Exxon, 544 U.S. at 286 n. 1 ("a district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the

5

adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16, 485).

Additionally, the Younger abstention doctrine generally forbids federal courts from interfering with ongoing state judicial proceedings. See Younger v. Harris, 401 U.S. 37, 53-54 (1971); Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992). Thus, Younger abstention is appropriate when state proceedings of a judicial nature: (1) are ongoing; (2) implicate important state interests; and (3) provide an adequate opportunity to raise federal questions. Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (en banc).

B. "Claim #2"

The complaint's second claim asserts that on "5/10/16 the Yuba City Police department used 'excessive force' against [plaintiff] during an arrest." (Compl. (ECF No. 1) at 7.) A claim that a law enforcement officer used excessive force during the course of an arrest is analyzed under the Fourth Amendment and an objective reasonableness standard. See Graham v. Connor, 490 U.S. 386, 395 (1989). Under this standard, "'[t]he force which [i]s applied must be balanced against the need for that force: it is the need for force which is at the heart of the Graham factors.'" Liston v. County of Riverside, 120 F.3d 965, 976 (9th Cir. 1997) (quoting Alexander v. City and County of San Francisco, 29 F.3d 1355, 1367 (9th Cir. 1994)). Force is excessive when it is greater than is reasonable under the circumstances." Santos v. Gates, 287 F.3d 846, 854 (9th Cir. 2002) (citing Graham, 490 U.S. 386). Here, the complaint only alleges that "Officer Justin Smith . . . used 'excessive force' causing injury to [plaintiff's] left knee." (Compl. (ECF No. 1) at 7.) No further facts are alleged in support.

This claim also alleges that "Scott Rounds obtained an illegal search warrant . . . ." (Id.) To support a claim for judicial deception, "a § 1983 plaintiff must show that the investigator 'made deliberately false statements or recklessly disregarded the truth in the affidavit' and that the falsifications were 'material' to the finding of probable cause." Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (9th Cir. 2002) (quoting Hervey v. Estes, 65 F.3d 784, 790 (9th Cir.

1995)). "'Omissions or misstatements resulting from negligence or good faith mistakes will not invalidate an affidavit which on its face establishes probable cause.'" Ewing v. City of Stockton, 588 F.3d 1218, 1224 (9th Cir. 2009) (quoting United States v. Smith, 588 F.2d 737, 740 (9th Cir. 1978)). The complaint here, however, provides no further factual allegations in support.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

C.  "Claim #3"

The complaint's third claim alleges that the Sutter County Public Defender's Office violated plaintiff's "constitutional rights to fair and effective counsel." (Compl. (ECF No. 1) at 8.) A litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution. Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

A public defender is considered a private individual who does not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders performing traditional functions of representation do not act under color of state law for purposes of civil rights actions); Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (a public defender is not subject to 42 U.S.C. § 1983, because the responsibility of a public defender is "to represent [a] client, not the interests of the state or county"). Therefore, plaintiff cannot assert a claim against a public defender alone pursuant to 42 U.S .C § 1983.

D. "Claim #4"

The complaint's fourth, and final, claim alleges that the Las Vegas Metro Police Department, "assisted Yuba City Police and Sutter County District Attorney with an illegal search and seizure" of plaintiff's Las Vegas residence. (Compl. (ECF No. 1) at 9.) In this regard, the complaint alleges that "the warrant was false." (Id.)

As noted above, to support a claim for judicial deception, "a § 1983 plaintiff must show that the investigator 'made deliberately false statements or recklessly disregarded the truth in the affidavit' and that the falsifications were 'material' to the finding of probable cause." Galbraith, 307 F.3d at 1126 (quoting Hervey, 65 F.3d at 790). "'Omissions or misstatements resulting from negligence or good faith mistakes will not invalidate an affidavit which on its face establishes probable cause.'" Ewing, 588 F.3d at 1224 (quoting Smith, 588 F.2d at 740). Here again, the complaint provides no further factual allegations in support.

III. Leave to Amend

For the reasons stated above, the complaint must be dismissed. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

////

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

////

////

9

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed January 12, 2018 (ECF No. 1) is dismissed with leave to amend.[2]

2. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[3] The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: June 6, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/walton0080.dism.lta.ord

---

[2] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.

[3] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.