UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WAYNE WALTON II,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SUTTER, et al.,<br><br>Defendants. | No. 2:18-cv-0080 TLN DB PS<br><br><br><br>ORDER |

Plaintiff, Gregory Walton, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's amended complaints and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 2, 4 & 5.) Therein, plaintiff complains about alleged civil rights violations stemming from his arrest and prosecution.

**I.  Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application for leave to proceed in forma pauperis will be granted. However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d

1

1113, 1115 (9th Cir. 1998) (quoting <u>Tripati v. First Nat. Bank & Trust</u>, 821 F.2d 1368, 1370 (9th Cir. 1987)); <u>see</u> <u>also</u> <u>McGee v. Department of Child Support Services</u>, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); <u>Smart v. Heinze</u>, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. <u>See</u> 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Hosp. Bldg. Co. v. Trustees of Rex Hosp.</u>, 425 U.S. 738, 740 (1976); <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

////

////

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II. Plaintiff's Amended Complaints

On July 3, 2018, plaintiff filed two different first amended complaints: one alleging claims against Yuba City Police Officer Justin Davis and Detective Scott Rounds ("Yuba City Complaint"), and another alleging claims against Detective Lucero of the Las Vegas Police Department ("Las Vegas Complaint").[1] (ECF Nos. 4 & 5.)

### A. Yuba City Complaint

#### 1. Excessive Force-Defendant Davis

This complaint first alleges that on May 10, 2016, Yuba City Police Officer Justin Davis used excessive force against the plaintiff. (ECF No. 4 at 7.) To state a claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment due to the excessive use of force, a complaint must allege that the amount of force used by a police officer was not objectively reasonable in light of the totality of the circumstances facing the officer, taking into account a range of factors to assess the amount of force used and the governmental interests at stake. See Graham v. Conner, 490 U.S. 386, 396 (1989); Moss v. U.S. Secret Service, 711 F.3d 941, 966 (9th Cir. 2013). "[T]he most important single element" of the Graham framework is "whether the suspect poses an immediate threat to the safety of the officers or others." Moss, 711 F.3d at 966 (quoting Chew v. Gates, 27 F.3d 1432, 1441 (9th Cir.1994)).

Here, the complaint alleges that after defendant Davis issued plaintiff verbal commands, plaintiff "followed these orders," but defendant Davis nonetheless "aggressively yanks and twist the Plaintiffs left arm backwards, while . . . slamming the Plaintiffs entire body forward into the

---

[1] Local Rule 220 requires that a pleading be "complete in itself" without reference to other documents. Plaintiff, therefore, cannot proceed on two separate amended complaints.

pavement" causing injury to plaintiff's left knee. (Id. at 8.) Defendant Davis then struck plaintiff "multiple times with his elbow-forearm while simultaneously digging his right knee deeply . . . in the middle of Plaintiffs spine" causing injury. (Id.)

Construed in the light most favorable to the plaintiff, the undersigned finds that this amended complaint states a claim for excessive force against defendant Davis.

### 2. **Unlawful Arrest-Defendant Davis**

The amended complaint also alleges that defendant Davis "detained and arrested [plaintiff] for erroneous charges that held no merit completely lacking evidence[.]" (ECF No. 4 at 9.) A plaintiff may also state a claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment due to unlawful seizure based upon a false arrest. To state such a claim a complaint must allege facts showing that the defendant "by means of physical force or show of authority . . . in some way restrained the liberty of" the identified plaintiff. Graham, 490 U.S. at 395, n. 10 (citing Terry v. Ohio, 392 U.S. 1, 19, n. 16 (1968) and Brower v. County of lnyo, 489 U.S. 593, 596 (1989)). "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." Dubner v. City and County of San Francisco, 266 F.3d 959, 964-65 (9th Cir. 2001).

Construed in the light most favorable to the plaintiff, the undersigned finds that this amended complaint also states a claim for unlawful arrest against defendant Davis.

### 3. **Judicial Deception-Defendant Rounds**

This amended complaint also alleges that "between June 2nd and June 6th, 2016 Detective Scott Rounds of the Yuba City Police Department . . . . obtained [an] invalid search warrant with erroneous facts and perjured information[.]" (ECF No. 4 at 9.) To support a claim for judicial deception, "a § 1983 plaintiff must show that the investigator 'made deliberately false statements or recklessly disregarded the truth in the affidavit' and that the falsifications were 'material' to the finding of probable cause." Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (9th Cir. 2002) (quoting Hervey v. Estes, 65 F.3d 784, 790 (9th Cir. 1995)). "'Omissions or misstatements resulting from negligence or good faith mistakes will not invalidate an affidavit which on its face establishes probable cause.'" Ewing v. City of Stockton, 588 F.3d 1218, 1224 (9th Cir. 2009)

(quoting United States v. Smith, 588 F.2d 737, 740 (9th Cir. 1978)).

Construed in the light most favorable to the plaintiff, the undersigned finds that this amended complaint also states a claim for judicial deception against defendant Rounds.

**B.     Las Vegas Complaint**

This amended complaint alleges that "between June 2nd and June 6th, 2016, Detective Lucero of the Las Vegas Police Department coordinated and executed an illegal search and seizure with an invalid search warrant" of plaintiff's "Las Vegas, Nevada residence[.]" (ECF No. 5 at 7.)

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." Daimler AG v. Bauman, 571 U.S. 117, 125 (2014). "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004).

"For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1223 (9th Cir. 2011) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" Walden v. Fiore, 134 S. Ct. 1115, 1121 (2014) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984)) (internal quotation marks omitted). However, "the 'primary concern' is 'the burden on the defendant.'" Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County, 137 S. Ct. 1773, 1780 (2017) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980)).

A three-part test has been developed by the Ninth Circuit to analyze an assertion of specific personal jurisdiction:

////

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802 (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)).

The burden is plaintiff's for the first two prongs. Id. If plaintiff carries that burden, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-78 (1985)).

Here, the amended complaint alleges that a defendant employed in Nevada, who presumably resides in Nevada, allegedly engaged in a wrongful act in Nevada. In this regard, the amended complaint fails to allege why this court would have personal jurisdiction over nonresident defendant Lucero.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff may proceed now on the amended complaint's (ECF No. 4) claims of excessive force and unlawful arrest against defendant Justin Davis and judicial deception against defendant Scott Rounds, and serve defendants Davis and Rounds, as set forth below, and pursue only those claims against those defendants. Alternatively, plaintiff may forgo serving defendants Davis and Rounds and attempt to further amend the amended complaint.

2. **If plaintiff elects to further amend the amended complaint to address the issued noted above, plaintiff has twenty-eight days so to do**, and shall skip the following service instructions (Nos. 4-10). Plaintiff is not obligated to amend the amended complaint. However, if plaintiff does so, the second amended complaint will also be subject to screening.[2]

---

[2] Plaintiff is reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself

3. **If plaintiff elects to proceed against defendants Justin Davis and Scott Rounds alone**, then within twenty-eight days, plaintiff must return the materials for service of process that are enclosed with this order, as described below. In this event the court will construe plaintiff's election as consent to the dismissal of all other defendants and all other claims without prejudice.

4. Service is appropriate for the following defendants: Yuba City Police Officer Justin Davis and Detective Scott Rounds.

5. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.

6. The Clerk of the Court shall send plaintiff, for each defendant in paragraph number 5, above: one USM-285, one summons, a copy of the amended complaint, and an appropriate form for consent to trial by a magistrate judge.

7. Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process, <u>and shall file a statement with the court that said documents have been submitted to the United States Marshal</u>. The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant in paragraph number 5, above, at least:

    a. One completed summons;

    b. One completed USM-285 form;

    c. One copy of the endorsed filed complaint, with an extra copy for the U.S. Marshal; and

    d. One copy of the instant order.

---

without reference to prior pleadings. The second amended complaint will supersede the amended complaint, just as the amended complaint superseded the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in a second amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any second amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

8. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

9. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

10. Plaintiff is cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

11. Plaintiff's January 12, 2018 motion to proceed in forma pauperis (ECF No. 2) is granted.

Dated: October 19, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/walton0080.part.serve.ord