UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WAYNE WALTON II,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SUTTER, et al.,<br><br>Defendants. | No. 2:18-cv-0080 TLN DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

Pending before the undersigned is defendants Officer Jason Davis[1] and Detective Scott Rounds' (jointly, "defendants"), partial motion to dismiss plaintiff's first amended complaint ("motion to dismiss"), filed on February 11, 2019. (ECF No. 12.) Plaintiff is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

Having considered the parties' briefing, and for the reasons stated below, the undersigned recommends that defendants' partial motion to dismiss be granted in part.

////

////

////

---

[1] According to defendants' motion to dismiss, plaintiff has erroneously sued defendant Jason Davis as "Justin" Davis. (Defs.' MTD (ECF No. 12-1) at 2.)

BACKGROUND

Plaintiff Gregory Wayne Walton commenced this action on January 12, 2018, by filing a complaint in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) On June 7, 2018, the undersigned dismissed the complaint with leave to amend. (ECF No. 3.) On July 3, 2018, plaintiff filed the amended complaint. (ECF No. 4.) Therein, plaintiff alleges that on May 10, 2016, after responding to plaintiff's 911 call, defendant Davis arrested plaintiff without probable cause and by using excessive force. (Am. Compl. (ECF No. 4) at 7-9.[2]) Plaintiff further alleges that defendant Rounds "obtained [an] invalid search warrant with erroneous facts and perjured information[.]" (Id. at 9.)

On October 22, 2018, the undersigned granted plaintiff's motion to proceed in forma pauperis and found that the amended complaint stated a claim for excessive force and unlawful arrest against defendant Davis, and a claim for judicial deception against defendant Rounds. (ECF No. 6 at 1-8.) On February 11, 2019, defendants moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rules"). (ECF No. 12.) Plaintiff filed an opposition to the motion to dismiss on March 1, 2019. (ECF No. 15.) Defendants filed a reply to plaintiff's opposition on March 7, 2019. (ECF No. 19.) The undersigned took defendants' motion to dismiss under submission on March 8, 2019. (ECF No. 20.)

STANDARDS

I. <u>Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)</u>

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. <u>N. Star Int'l v. Ariz. Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A

---

[2] Page number citations such as this are to the page number reflected on the court's CM/ECF system and not to the page numbers assigned by the parties.

2

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

////
////
////
////

ANALYSIS

I. <u>Defendants' Motion to Dismiss</u>

Defendants' motion seeks dismissal of the amended complaint's claims of false arrest and judicial deception as barred by "<u>Heck</u>."[3] (Defs.' MTD (ECF No. 12-1) at 4-6.) For the reasons argued by defendants' motion to dismiss, and explained below, the amended complaint's false arrest claim should be dismissed. However, defendants' motion to dismiss should be denied as to the amended complaint's claim of judicial deception.

    A.    <u>Heck Bar</u>

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the United States Supreme Court held that a plaintiff may not prevail on a §1983 claim if doing so "would necessarily imply the invalidity" of plaintiff's conviction arising out of the same underlying facts as those at issue in the civil action "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." <u>Id.</u> at 487. Thus, "<u>Heck</u> says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'" <u>Smith v. City of Hemet</u>, 394 F.3d 689, 695 (9th Cir. 2005) (quoting <u>Smithart v. Towery</u>, 79 F.3d 951, 952 (9th Cir. 1996)). "Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence . . . .'" <u>Beets v. County of Los Angeles</u>, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting <u>Smithart</u>, 79 F.3d at 951). It is the defendant's burden to show that a plaintiff's claim is barred by <u>Heck</u>. <u>See</u> <u>Sanford v. Motts</u>, 258 F.3d 1117, 1119 (9th Cir. 2001).

        1.    <u>Plaintiff's False Arrest Claim</u>

The amended complaint alleges that on May 10, 2016, defendant Davis "detained and arrested [plaintiff] for erroneous charges that held no merit completely lacking evidence[.]" (Am. Comp. (ECF No. 4) at 9.) Defendants, however, seek judicial notice of a criminal complaint filed

---

[3] Defendants' motion does not seek dismissal of the amended complaint's claim of excessive force asserted against defendant Davis. (Defs.' MTD (ECF No. 12-1) at 6.)

4

on May 12, 2016, in the Yuba County Superior Court, charging plaintiff with second degree robbery, human trafficking, and pimping.[4]  (RJN (ECF 12-3) at 10-11.)

State court records indicate that on March 13, 2017, plaintiff pled "no contest" to the charge of human trafficking and was sentenced to probation.  (Id. at 27, 45-46.)  Pursuant to plaintiff's plea, the remaining charges were dismissed.  (Id. at 12-3 at 35, 46.)  Defendant has also submitted state court records establishing plaintiff's numerous unsuccessful attempts to appeal his criminal conviction.  (Id. at 50, 52, 54-55, 57, 59.)

It is true that a "no contest" plea does not always result in the application of a Heck bar.  For example, in Lockett v. Ericson, 656 F.3d 892, 896 (9th Cir. 2011), the Ninth Circuit permitted the plaintiff to proceed on a § 1983 claim challenging the very evidence underlying the plaintiff's conviction.  Id. at 897.  However, in Lockett, the plaintiff was arrested at his house for driving under the influence of alcohol after a failed breathalyzer test.  Lockett, 656 F.3rd at 894.  Subsequently, the plaintiff was charged with offenses related to driving under the influence of alcohol and pled no contest to a lesser charge of "wet reckless."  Id. at 894-95.  The plaintiff filed a 42 U.S.C. § 1983 complaint in federal court challenging the officers' entry into the plaintiff's home prior to the plaintiff's arrest.  Id.

The Ninth Circuit reasoned that because the plaintiff's conviction "derives from his plea, not from a verdict obtained with supposedly illegal evidence," Heck did not bar the plaintiff's § 1983 action.  Id. at 897.  In this regard, the validity of the plaintiff's conviction did "not in any way depend upon the legality of the search of his home."  Id. at 897 (internal citations omitted).  Stated differently, even if the search of the plaintiff's home was unlawful, plaintiff had, nonetheless, been validly convicted.  And the allegedly illegally obtained evidence was not used

---

[4]  The court may take judicial notice of its own files and of documents filed in other courts.  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims); Hott v. City of San Jose, 92 F.Supp.2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases).

to obtain a verdict against the plaintiff. Thus, the validity of the plaintiff's conviction did not in any way depend on the legality of the search of the plaintiff's home. Id. at 897.

Here, by contrast, plaintiff is challenging his arrest for the same crime he was later convicted for. In this regard, if plaintiff's arrest was proven to be invalid that would imply the invalidity of his conviction. See Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) ("Wrongful arrest, malicious prosecution, and a conspiracy among Los Angeles officials to bring false charges against Guerrero could not have occurred unless he were innocent of the crimes for which he was convicted."); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) ("finding there was no probable cause would 'necessarily imply' that Cabrera's conviction for disturbing the peace was invalid").

Accordingly, for the reasons stated above, the undersigned finds that the amended complaint's false arrest claim is barred by Heck. Defendants' motion to dismiss, therefore, should be granted as to this claim.

2. Plaintiff's Judicial Deception Claim

Defendants next ask the court to dismiss plaintiff's judicial deception claim against defendant Rounds. Plaintiff alleges that defendant Rounds, a detective for the Yuba City Police Department, "obtained an invalid search warrant" that had "false testimony written statement by Detective Scott Rounds," and contained "erroneous facts and perjured information[.]" (Am. Compl. (ECF No. 4) at 9.)

Defendants first argue that plaintiff "is attempting to challenge the probable cause for which his judicial deception claim is based, and therefore, his claim should be dismissed." (Defs.' MTD (ECF No. 12-1) at 5.) Defendants cite to Whitaker v. Garcetti, 486 F.3d 572 (9th Cir. 2007), in support of this argument.

Whitaker, however, is distinguishable in that the plaintiffs in that action were challenging "the search and seizure of the evidence upon which their criminal charges and convictions were based." Id. at 584. Here, plaintiff was convicted of the crime of human trafficking. (RJN (ECF 12-3) at 27, 45-46.) And the amended complaint's judicial deception claim challenges a search warrant concerning suspected stolen property. (Am. Compl. (ECF No. 4) at 9; (RJN (ECF 12-3)

at 27, 45-46; Pl.'s Opp.'n (ECF No. 15) at 11-12.) In this regard, if plaintiff's judicial deception claim were successful, it would have no bearing on plaintiff's conviction for human trafficking. See Butler v. Compton, 482 F.3d 1277, 1281 (10th Cir. 2007) ("Mr. Butler's conviction on unrelated charges may not form the basis for the application of Heck where there is no challenge to that conviction in Mr. Butler's § 1983 action."); Magana v. County of San Diego, 835 F.Supp.2d 906, 910 (S.D. Cal. 2011) ("Defendants' motion fails at the first inquiry because there is no criminal conviction or sentence that could be invalidated by Magana's success in his § 1983 action.").

Defendants argue that, "even assuming Heck does not apply," the judicial deception claim fails because "Detective Rounds' alleged deliberately or recklessly made false statements or omissions were not 'material to the finding of probable cause.'" (Defs.' MTD (ECF No. 12-1) at 6.) In this regard, defendants argue that any allegedly deceptive statement made by defendant Rounds in obtaining the search warrant "had no bearing on the probable cause to arrest or charge Plaintiff," because plaintiff "had already been lawfully arrested and charged four weeks earlier."[5] (Id.)

Plaintiff, however, may maintain a judicial deception claim based solely on defendant Rounds' allegedly unlawfully obtained search warrant. See Ewing v. City of Stockton, 588 F.3d 1218, 1223 (9th Cir. 2009) ("The Ewings contend that the police procured the warrant through deception. To prevail on such a claim, they must show that the defendant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause.") In this regard, "[i]t is clearly established that judicial deception may not be employed to obtain a search warrant." KRL v. Moore, 384 F.3d 1105, 1117 (9th Cir. 2004). To proceed on a judicial deception claim a "plaintiff 'must make (1) a 'substantial showing' of deliberate falsehood or reckless disregard for the truth, and (2) establish that but for the dishonesty, the challenged action would not have occurred. If a plaintiff satisfies these requirements, 'the matter

////

---

[5] Plaintiff was arrested on May 10, 2016. (Am. Compl. (ECF No. 4) at 7.) Defendant Rounds' search warrant was obtained in June of 2016. (Pl.'s Opp'n (ECF No. 15) at 12.)

7

should go to trial.'" Butler v. Elle, 281 F.3d 1014, 1024 (9th Cir. 2002) (quoting Liston v. County of Riverside, 120 F.3d 965, 972-75 (9th Cir. 1997)).

For the reasons stated above, and accepting as true the allegations in the amended complaint and construing them in the light most favorable to the plaintiff, the undersigned finds that the amended complaint has stated a claim for judicial deception against defendant Rounds and that claim is not barred by Heck. Accordingly, the undersigned recommends that defendants' motion to dismiss be denied as to this claim.

II.  Leave to Amend

For the reasons stated above, defendants' motions to dismiss should be granted as to the amended complaint's claim of false arrest. The undersigned has carefully considered whether plaintiff could further amend the complaint to state an a false arrest claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines, 404 U.S. at 521); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

For the reasons stated above, Heck bars plaintiff's false arrest claim and that claim should be dismissed without further leave to amend.

////

////

////

8

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 12) the amended complaint's false arrest claim be GRANTED and that claim dismissed without further leave to amended;

2. Defendants' motion to dismiss (ECF No. 12) plaintiff's judicial deception claim be DENIED; and

3. Defendants be ordered to file an answer to the amended complaint's excessive force and judicial deception claims within fourteen days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 2, 2019

/s/ Deborah Barnes

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:am(6)
DB/orders/orders.pro se/Walton0080.mtd.f&rs

9