UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WAYNE WALTON II,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SUTTER, et al.,<br><br>Defendants. | No. 2:18-cv-0080 TLN DB PS<br><br><br><br>ORDER |

     Plaintiff, Gregory Walton, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On May 12, 2020, defendants Jason Davis and Scott Rounds filed a motion to compel and a motion for a protective order. (ECF Nos. 41 & 42.) Defendants' motions are noticed for hearing before the undersigned on June 5, 2020.

     The parties' briefing of these motions, however, violates the Local Rules. In this regard, defendants filed memorandums in support of their motions. (ECF Nos. 41-1 & 42-1.) In response, plaintiff filed oppositions to the motions. (ECF Nos. 43-45.) Then on May 29, 2020, the parties filed Joint Statements re Discovery Disagreements with respect to each motion. (ECF Nos. 47 & 48.)

     However, Local Rule 251(a) provides that discovery motions may be heard by filing a notice of motion and motion scheduling the hearing date. "No other documents need be filed at

this time." Local Rule 251(a). Local Rule 251(c) provides that, if after filing notice of the motion and continued meet and confer efforts the moving party is still dissatisfied, the parties shall draft and file a "Joint Statement re Discovery Disagreement." "All arguments and briefing that would otherwise be included in a memorandum of points and authorities supporting or opposing the motion shall be included in this joint statement, and no separate briefing shall be filed."[1]

Moreover, the undersigned has reviewed the parties' Joint Statements and offers the following guidance to aid the possible resolution of these disputes and/or to improve future briefing. Specifically, in opposing defendants' motions plaintiff routinely offers only vague and conclusory arguments. For example, in response to defendants' arguments concerning Interrogatories Nos. 5-7, 11-13, plaintiff simply asserts:

> Defendants are again misleading the courts by implying in their motion that Plaintiff has not answered or produced certain documents or interrogatories. There is record that Plaintiff has either already produced or answered some of the defendant's issues listed in this motion. In good faith, Plaintiff has provided additional responses to the defendant's requests through this motion to expedite the discovery process. If the defendant's lawyers were functioning in good faith throughout the discovery process, many of the issues at hand could be mitigated in a professional manner.

(ECF No. 47 at 10.) Plaintiff's argument, however, is devoid of any specificity or supporting legal authority.

With respect to defendants' motion for a protective order, defendants explain that plaintiff has requested production of defendants' police personnel and training records. (ECF No. 48 at 5.) Defendants are willing to produce responsive documents subject to a stipulated protective order but plaintiff refuses to stipulate to such an order. (Id.) While reserving ruling of defendants' specific motion, plaintiff is advised that stipulated protective orders are routinely entered when such discovery is at issue. See generally Noble v. City of Fresno, Case No. 1:16-cv-1690 DAD

---

[1] Moreover, the parties are advised that joint statements filed before the undersigned shall not exceed twenty-five pages, excluding exhibits, as explained in the undersigned's Standard Information re discovery disputes set forth on the court's web page. See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db.

BAM, 2017 WL 5665850, at *10 (E.D. Cal. Nov. 11, 2017) ("Without a protective order, the officers' privacy rights and the City's ability to safeguard its officers is adversely impacted by exposure of this information to the public.  Accordingly, Defendants have met their initial threshold burden to demonstrate that disclosure without a protective order would threaten governmental and privacy interests."); Soto v. City of Concord, 162 F.R.D. 603, 617 (N.D. Cal. 1995) ("Defendants' privacy interests may be sufficiently protected with the use of a 'tightly drawn' protective order, specifying that only Plaintiff, his counsel, and his experts may have access to the material, and that copies of such material will be returned to Defendants at the conclusion of the case."); Kelly v. City of San Jose, 114 F.R.D. 653, 662 (N.D. Cal. 1987) ("Thus the weight of some of the interests in the law enforcement category may be reduced because courts routinely enter tightly crafted protective orders under which only a single litigant, sometimes only that litigant's lawyer, has access to the sensitive information.").

Conversely, defendants note that plaintiff's deposition is scheduled for June 12, 2020, and request an order of production "at least one day prior[.]"  (ECF No. 47 at 1-2.)  Assuming, *arguendo*, that defendants' motion to compel was granted on June 5, 2020, it is unlikely that a pro se plaintiff could comfortably or reasonably make a production in such a short time frame.  Defendants also note the impending June 26, 2020 discovery deadline.  The parties future briefing should address the potential extension of the scheduling order issued in this action.

Defendants' motions also seek an award of monetary sanctions against plaintiff.  Defendants are advised that the undersigned would need considerably more legal support and persuasive argument in any future Joint Statement to award monetary sanctions against a pro se plaintiff who has not caused repeated discovery disputes, who appears to have engaged in good faith meet and confer, and whose arguments appear reasonable even if ultimately unmeritorious.  Again, however, the undersigned reserves ruling on defendants' specific motions.

Accordingly, IT IS HEREBY ORDERED that:

1. The June 5, 2020 hearing of defendants' motion to compel (ECF No. 41) and motion for a protective order (ECF No. 42) is continued to **Friday, June 26, 2020,** at **10:00 a.m.**, at the

////

United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27, before the undersigned;

    2. On or before **June 15, 2020**, the parties shall engage in additional meet and confer, telephonically or over video conference; and

    3. On or before **June 26, 2020**, the parties shall file updated Joint Statements that comply with the Local Rules and the undersigned's Standard Information.

Dated:  June 1, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/walton0080.js.cont.hrg.ord