BRUCE A. KILDAY, ESQ., SBN 66415
  Email: bkilday@akk-law.com
GÖKALP Y. GÜRER, ESQ., SBN 311919
  Email: ggurer@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone:  (916) 564-6100
Telecopier:  (916) 564-6263

Attorneys for Defendants OFFICER JASON DAVIS (erroneously sued herein as JUSTIN DAVIS) and DET. SCOTT ROUNDS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WAYNE WALTON II, | No. 2:18-cv-0080-TLN-DB PS |
| Plaintiff, | **CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER** |
| vs. | |
| COUNTY OF SUTTER, YUBA CITY POLICE DEPARTMENT, OFFICER JUSTIN DAVIS, DETECTIVE SCOTT ROUNDS, | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between Plaintiff GREGORY WAYNE WALTON II ("Plaintiff") and Defendants OFFICER JASON DAVIS (erroneously sued herein as JUSTIN DAVIS) and DETECTIVE SCOTT ROUNDS (collectively, the "Defendants"), as well as the CITY OF YUBA CITY (together, the "Parties"), by and through their respective counsel of record unless self-represented, that in order to facilitate the exchange of information and documents which are subject to confidentiality and in order to protect the fundamental right to privacy of DEFENDANTS and third-parties, the Parties hereby enter into this Confidentiality Agreement and Stipulated Protective Order (the "Protective Order") pursuant to and enforceable under Fed. R.

Civ. P. 26(c).

THE PARTIES STIPULATE AS FOLLOWS:

1. Any material produced by the Parties pursuant to this Protective Order (the "Confidential Material") is to remain confidential at all times. This Protective Order shall remain in effect for the duration of this action unless terminated by written stipulation or Court order. Insofar as they restrict the disclosure, treatment, or use of the Confidential Material, the provisions of this Protective Order shall continue to be binding and enforceable even after the termination of this action, unless by written stipulation or the Court orders otherwise;

2. The protections conferred by this Protective Order cover not only the produced Confidential Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, transcriptions, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or counsel to or in Court or in other settings that might reveal Confidential Material;

3. That by agreeing Confidential Material may be produced, the Parties do not waive objections as to attorney-client privilege, attorney work-product, self-critical analysis, and other privileges which may apply, and do not waive the privacy rights of DEFENDANTS or any third parties;

4. The producing party will designate the material subject to this Protective Order as "Confidential." Further, if a party uses Confidential Material at a deposition or non-public hearing or proceeding, the party shall state on the record, prior to use of such Confidential Material, that the material is confidential and is being used pursuant to the terms of this Protective Order, and shall have fourteen (14) days from receiving the final transcript to designate some or all of the transcript as "Confidential", or, if no final transcript is requested, fourteen (14) days from the deposition or non-public hearing or proceeding;

5. The inadvertent failure to designate material or testimony as "Confidential" that should be so designated does not prejudice a party's right to later designate it as such;

6. The receiving party may object to the propriety of the designation of specific material as "Confidential" by serving a written objection on the producing party stating the reasons


for the objection. The producing party shall thereafter respond to such objection by serving a written response stating the reasons why the designation was made. The Parties shall meet and confer in good faith regarding their dispute. The meet and confer process will not be deemed to have concluded until the Parties (1) confer at least once via telephone, and (2) confirm in writing that the Parties are unable to resolve their dispute. If the Parties cannot resolve a challenge to a confidentiality designation without Court intervention, the producing party shall file and serve a motion to retain confidentiality within twenty-eight (28) days of the conclusion of the meet and confer process. The specific material at issue shall continue to be treated as confidential until the twenty-eight (28) day period within which to file a motion expires or the Court orders otherwise;

7. The producing party shall only designate material as "Confidential" that which it believes in good faith to contain confidential, sensitive, or private information, and the receiving party shall only object to the designation of material as "Confidential" if it believes in good faith that such a designation does not apply;

8. The receiving party agrees to control Confidential Material that it has received, and shall not disclose or distribute the Confidential Material to anyone, such as friends, family, or witnesses, in any way. The receiving party agrees not to upload or post any Confidential Material to any online website or app, and not to disclose any Confidential Material to any organizations, news or otherwise. The receiving party shall not disclose the Confidential Material to anyone, except to (1) the Court and its personnel; (2) expert witnesses who have signed the "Agreement to be Bound by Protective Order", attached hereto as **Exhibit A** and incorporated herein by reference; (3) during deposition, Plaintiff, Plaintiff's medical providers, or Defendant Davis and Defendant Rounds, who have signed the "Agreement to be Bound by Protective Order"; or (4) as otherwise agreed by written stipulation or by Court order.

9. The Confidential Material may be used in trial but the Parties shall use reasonable efforts to preserve confidentiality, including prior notification twenty-eight (28) days before the Pretrial Conference to the Court and to the Parties that Confidential Material is planned to be used;

10. The Confidential Material are not to be disclosed outside of this litigation absent written stipulation or a determination by the Court that they are not deemed confidential;


1   11.   Without written permission from the designating Party or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Material.  A party that seeks to file under seal any Confidential Material must comply with Civil Local Rule 141.

12.   Nothing contained in this Protective Order shall preclude any party from seeking or obtaining, upon an appropriate showing, additional protection with respect to any document, information, or other discovery material;

13.   Within sixty (60) days of the conclusion of this action, all Confidential Material subject to this Protective Order, as well as any information copied or extracted therefrom, as well as all copies, excerpts, transcriptions, summaries, or compilations thereof, whether paper or digital, shall be shredded or otherwise destroyed, and the receiving party shall provide the producing party with a sworn affidavit providing as such.  This shredding or destruction shall include any Confidential Material, as well as any information copied or extracted therefrom, as well as all copies, excerpts, transcriptions, summaries, or compilations thereof, whether paper or digital, that shall already have been returned to the party or counsel as provided in **Exhibit A**.  Any Confidential Material submitted to the Court shall remain sealed;

14.   After the conclusion of this action, the Court shall retain jurisdiction to resolve any dispute concerning the use or disclosure of Confidential Material produced pursuant to this Protective Order;

15.   Any violation of any provision of this Protective Order may be punishable as contempt, sanctioned under the Court's inherent power, and/or sanctioned pursuant to FRCP 37;

16.   This Protective Order shall not be modified or terminated except by written stipulation executed by the Parties or further order of the Court;

//
//
//
//
//

1    17.     This Protective Order may be executed in counterparts and each counterpart shall
2  be deemed an original, and all counterparts taken together will constitute one and the same
3  agreement, which will be binding and effective as to the Parties hereto.

   IT IS SO STIPULATED.

   Dated: June 22, 2020                    ANGELO, KILDAY & KILDUFF, LLP

                                                    */s/ Gökalp Y. Gürer*
                                           By:_____
                                              BRUCE A. KILDAY
                                              GÖKALP Y. GÜRER
                                              Attorneys for Defendants and the CITY
                                              OF YUBA CITY


   Dated: June 22, 2020                    GREGORY WAYNE WALTON II

                                                    */s/ Gregory Wayne Walton II*

                                                    *(as authorized on 6.22.20)*
                                           By:_____
                                              GREGORY WAYNE WALTON II
                                              Plaintiff, in pro per

-5-
CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: June 22, 2020              /s/ DEBORAH BARNES
                                  UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I hereby acknowledge that I, _____, am about to receive Confidential Material supplied in connection with Case No.: 2:18-cv-0080-TLN-DB PS. I certify that I understand that the Confidential Material is provided to me subject to the terms and restrictions of the Confidentiality Agreement and Stipulated Protective Order ("Protective Order") filed in this action. I have been given a copy of the Protective Order; I have read it, and I agree to be bound by its terms and to be subject to contempt or other sanctions for violating the Protective Order.

I understand that Confidential Material, as defined in the Protective Order, including any notes or other records that may be made regarding any such Confidential Material, shall not be disclosed to anyone or distributed in any way. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Material obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the proceeding.

I further understand that I am to retain all copies of all Confidential Material provided to me in the proceeding in a secure manner, and that all copies of such Confidential Material are to remain in my personal custody until conclusion of this action, whereupon copies of such Confidential Material (whether paper or digital), as well as any excerpts, transcriptions, summaries, or compilations thereof, will be returned to counsel or party who provided me with such Confidential Material within fourteen (14) days of conclusion of this action.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this _____day of _____, 20____, at _____, California.

By: _____