UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WAYNE WALTON II,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SUTTER, et al.,<br><br>Defendants. | No.  2:18-cv-0080 TLN DB PS<br><br><br><br>ORDER |

   Plaintiff, Gregory Walton, is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  On July 14, 2020, defendants filed a motion for summary judgment.  (ECF No. 53.)  On September 8, 2020, the undersigned issued an order denying defendants' motion without prejudice to renewal for failure to notice the motion prior to the law and motion deadline set in Status (Pretrial Scheduling) Order issued in this action.  (ECF No. 63.)  On September 10, 2020, defendants filed a motion for modification of the scheduling order and an ex parte application for an order shortening time for hearing of defendants' motion for modification.  (ECF Nos. 63 & 64.)

   Therein, defendants request to hear the motion for modification on shortened time—specifically on September 18, 2020—because if defendants' motion to modify the scheduling order is heard pursuant to standard 28-day notice, the motion cannot be heard until October 16, 2020.  (ECF No. 64 at 2.)  If their motion to modify the scheduling order is granted defendants

1

intend to file an amended notice of motion for summary judgment, which would also require 28-days notice.  (Id.)  Such notice, however, would require hearing the motion for summary judgment after the currently scheduled October 29, 2020 Final Pretrial Conference.  (Id. at 2-3.)  Defendants propose hearing the motion to modify the scheduling order on shortened time and allowing plaintiff to file an opposition "within two (2) days of the September 18, 2020 hearing." (Id. at 3.)  Plaintiff refused to stipulate to defendants' request.  (Id.)

Defendants' request is understandable.  However, "the Eastern District has one of the highest weighted case loads per judge in the nation." Irving v. Lennar Corp., No. CIV S-12-0290 KJM EFB, 2013 WL 1308712, at *6 (E.D. Cal. Apr. 1, 2013).  Thus, under normal circumstances it would be very difficult for the court to hear defendants' motion to modify the scheduling order on shortened time, hear defendants' motion for summary judgment, and resolve the motion in sufficient time to keep the currently set dates for the final pretrial conference and trial.  And, in light of the public health crisis, these are not normal circumstances.  Moreover, allowing just two days for plaintiff to file opposition does not provide the undersigned much time to prepare for the hearing of defendants' motion to modify the scheduling.

In light of these factors, and plaintiff's unwillingness to stipulate to the defendants' motion for an order shortening time, the undersigned will not grant defendants' request for an order shortening time.  The undersigned will, however, vacate the currently set dates for the Final Pretrial Conference and trial, pending resolution of defendants' motion to modify the pretrial scheduling order and, potentially, defendants' motion for summary judgment.  Doing so will allow for a full and complete hearing and consideration of defendants' motion to modify and motion for summary judgment and plaintiff's corresponding opposition.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' September 10, 2020 ex parte application for an order shortening time (ECF No. 64) is denied; and

////

////

////

2. The October 29, 2020 Final Pretrial Conference and January 11, 2021, trial dates are vacated pending resolution of dispositive motions in this action.

Dated:  September 16, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/walton0080.short.time.den.ord

3