UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WAYNE WALTON II, | No. 2:18-cv-0080 TLN DB PS |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SUTTER, et al., | |
| Defendants. | |

      Plaintiff, Gregory Walton, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On September 10, 2020, defendants filed a motion seeking to modifying the scheduling order issued in this action. (ECF No. 63.) Specifically, defendants seek an extension of the August 14, 2020 deadline to file dispositive motions. (Id. at 2.) Plaintiff filed an opposition on September 25, 2020. (ECF No. 67.) Defendants filed a reply on October 9, 2020. (ECF No. 68.)

      "Once a scheduling order has been filed pursuant to Rule 16, the 'schedule may be modified only for good cause and with the judge's consent.'" Sharp v. Covenant Care LLC, 288 F.R.D. 465, 467 (S.D. Cal. 2012) (quoting Fed. R. Civ. P. 16(b)(4)). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975

F.2d 604, 609 (9th Cir. 1992); see also Eckert Cold Storage, Inc. v. Behl, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996) ("the focus of the Rule 16 'good cause' inquiry is on the moving party's diligence, or lack thereof, in seeking amendment").

Here, defendants' motion explains that defendants noticed a motion for summary judgment on the deadline set for the close of law and motion but learned via a minute order that the noticed hearing date was not an available law and motion date. (ECF No. 63-1 at 3.) Defense counsel mistakenly interpreted the minute order "to be tantamount to a modification of the pretrial scheduling order" and noticed the motion for hearing after the close of law and motion. (Id.) Upon learning of this error, defense counsel promptly began the process of seeking to modify the scheduling order to allow for the timely noticing of a motion for summary judgment. (Id.)

Under these circumstances, the undersigned finds that defendants were diligent in seeking to amend the scheduling order. Although plaintiff's opposition asserts that plaintiff will be prejudiced by granting defendants' motion, plaintiff identifies no actual prejudice that would be suffered by plaintiff from what amounts to a short extension of the deadline for filing dispositive motions. (Pl.'s Opp.'n (ECF No. 67) at 2-3.)

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' September 10, 2020 motion to modify the scheduling order (ECF No. 63) is granted; and

2. All law and motion, except as to discovery, shall be completed by **December 18, 2020.**

Dated: October 14, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/walton0080.mot.mod.grnt.ord