UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WAYNE WALTON II,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SUTTER, et al.,<br><br>Defendants. | No. 2:18-cv-0080 TLN DB PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned is a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure filed by defendants Jason Davis and Scott Rounds.[1] (ECF No. 71.)

Having considered the parties' briefing, and for the reasons stated below, the undersigned recommends that defendants' motion for summary judgment be denied in part and granted in part.

**BACKGROUND**

Plaintiff Gregory Wayne Walton commenced this action on January 12, 2018, by filing a complaint in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) Plaintiff is proceeding on an amended complaint filed on July 3, 2018. (ECF No. 4.) Therein, plaintiff

---

[1] Defendants Davis and Rounds are the only defendants remaining in this action. (ECF Nos. 5 & 6.)

1

alleges that on May 10, 2016, defendant Yuba City Police Officer Jason Davis responded to plaintiff's 911 call and arrested plaintiff without probable cause and by use of excessive force. (Am. Compl. (ECF No. 4) at 7-9.[2]) Plaintiff further alleges that defendant Yuba City Police Detective Scott Rounds "obtained [an] invalid search warrant with erroneous facts and perjured information[.]" (Id. at 9.)

On October 22, 2018, the undersigned granted plaintiff's motion to proceed in forma pauperis and found that the amended complaint stated a claim for excessive force and false arrest against defendant Davis, and a claim for judicial deception against defendant Rounds. (ECF No. 6 at 1-8.) On February 11, 2019, defendants filed a motion to dismiss. (ECF No. 12.) On August 2, 2019, the undersigned issued findings and recommendations recommending that the amended complaint's false arrest claim be dismissed without leave to amend, and that the defendants be ordered to file an answer to the amended complaint's claims of excessive force and judicial deception. (ECF No. 21 at 9.) The assigned District Judge adopted those findings and recommendations in full on September 3, 2019. (ECF No. 22.) Defendants filed an answer on September 17, 2019. (ECF No. 27.)

On October 16, 2020, defendants noticed the pending motion for summary judgment for hearing before the undersigned. (ECF Nos. 53 & 71.) Plaintiff filed an opposition to the motion for summary judgment. (ECF No. 57.) And defendants filed a reply. (ECF No. 59.) Thereafter, the motion for summary judgment was taken under submission. (ECF No. 72.)

## STANDARDS

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record,

---

[2] Page number citations such as this are to the page number reflected on the court's CM/ECF system and not to the page numbers assigned by the parties.

including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the nonmoving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B).

Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (citations omitted). "In short, what is required to defeat summary judgment is simply evidence 'such that a reasonable juror drawing all inferences in favor of the respondent could return a verdict in the respondent's favor.'" Zetwick v. County of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (quoting Reza v. Pearce, 806 F.3d 497, 505 (9th Cir. 2015)).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all reasonable inferences supported by the evidence in favor of the non-moving party." Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

**DEFENDANTS' STATEMENT OF UNDISPUTED FACTS**

Defendants' statement of undisputed facts—supported by citation to declarations, exhibits, and transcripts from depositions—evidences, in relevant part, the following. On May 10, 2016, defendant officer Davis was responding to two 911 calls at the same location—one from a man who reported a woman had kidnapped his child and another from a woman who reported she was hiding in the bushes with her baby from a man she feared would kill her. Officer Davis arrived at the scene and made contact with plaintiff Walton. After a verbal and physical interaction, officer Davis handcuffed plaintiff. Officer Davis then placed plaintiff in Davis' patrol

////

4

vehicle and transported plaintiff to the Yuba City Police Department. (Defs.' SUDF (ECF No. 53-2) 3, 6, 25, 27. 30.[3])

Later that day defendant detective Rounds arrived at the Yuba City Police Department and assumed the investigation. Defendant detective Rounds interviewed plaintiff, the woman who called 911, and the woman's mother. As a result of these interviews, plaintiff was arrested for violating California Penal Code §§ 211 and 236.1(b).[4] (Defs.' SUDF (ECF No. 53-2) 32-35.)

Defendant detective Rounds continued his investigation and learned the following. That plaintiff had a residence in Las Vegas. That plaintiff had threatened the woman who phoned 911 that if she did not work for plaintiff as a prostitute plaintiff would take her son. That the woman worked for plaintiff as an escort in Yuba City, Las Vegas, and other cities. That plaintiff created a website to promote the escorting activities, possibly using a computer located in Las Vegas. That plaintiff had prior arrests in Nevada related to prostitution. (Defs.' SUDF (ECF No. 53-2) 33, 36, 48, 53, 72, 74.)

On May 24, 2016, defendant detective Rounds contacted Las Vegas Metropolitan Police Department detective Sean Lucero. Defendant detective Rounds provided Lucero with the information known to Rounds and requested that Lucero obtain a search warrant for plaintiff's residence in Las Vegas. Specifically, defendant detective Rounds asked Lucero to search for the computer used to create the escorting website, a calendar reflecting the woman's escorting schedule, and any other evidence of human trafficking. (Defs.' SUDF (ECF No. 53-2) 75, 77.)

On June 1, 2016, detective Lucero informed defendant detective Rounds that Lucero had obtained the search warrant. On June 2, 2016, detective Lucero informed defendant detective Rounds that the search warrant had been executed and evidence was seized, including a calendar and desktop computer. On July 6, 2016 defendant detective Rounds drove to Las Vegas and obtained the evidence collected pursuant to the search. The evidence was later booked into

---

[3] Citations here are to defendants' specific numbered undisputed fact asserted.

[4] California Penal Code § 211 states: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." California Penal Code § 236.1(b) concerns the deprivation or violation of "the personal liberty of another" in relation to "human trafficking[.]"

5

evidence at the Yuba City Police Department. On March 13, 2017, plaintiff pled no contest to violating California Penal Code § 236.1(b) as a result of human trafficking. (Defs.' SUDF (ECF No. 53-2) 80-84, 88.)

**PLAINTIFF'S OPPOSITION**

Local Rule 260(b) requires a party opposing summary judgment to (1) reproduce each fact enumerated in the moving party's statement of undisputed facts and (2) expressly admit or deny each fact. Under that provision the party opposing summary judgment is also required to cite evidence in support of each denial. Here, plaintiff's opposition only addresses a fraction of the enumerated facts asserted by defendants and does not always cite to evidence in support of each of those denials. (ECF No. 57-1.) Rather than recreating these few disputed facts, the undersigned will discuss plaintiff's relevant denials and opposition in analyzing defendants' motion for summary judgment below.

**ANALYSIS**

**I.    Excessive Force**

The amended complaint alleges that during the events at issue defendant officer Davis "demanded plaintiff to stand up and put his hands behind his back[.]" (Am. Compl. (ECF No. 4) at 8.) Plaintiff complied but defendant officer Davis nonetheless "aggressively yanks and twist[s]" plaintiff's left arm "while . . . slamming the Plaintiff's entire body forward chest first into the pavement" resulting in plaintiff's left knee being injured by the pavement. (Id.) Defendant officer Davis then struck plaintiff "multiple times with his elbow-forearm while simultaneously digging his right knee deeply and applying extreme pressure in the middle" of plaintiff's spine. (Id.)

A claim that a law enforcement officer used excessive force during the course of an arrest is analyzed under the Fourth Amendment and an objective reasonableness standard. See Graham v. Connor, 490 U.S. 386, 395 (1989). Under this standard, "'[t]he force which [i]s applied must be balanced against the need for that force: it is the need for force which is at the heart of the Graham factors.'" Liston v. County of Riverside, 120 F.3d 965, 976 (9th Cir. 1997) (quoting Alexander v. City and County of San Francisco, 29 F.3d 1355, 1367 (9th Cir. 1994)). "Force is

excessive when it is greater than is reasonable under the circumstances." Santos v. Gates, 287 F.3d 846, 854 (9th Cir. 2002) (citing Graham, 490 U.S. 386).

Here, defendant officer Davis asserts that he did not "yank Walton's arm" but only took plaintiff's "left arm with both of his hands to gain a control hold[.]" (MSJ (ECF No. 53-1) at 23.) It is defendant's position that he "used a minimal amount of force necessary to detain Walton, by putting his arms in a control hold so he could apply handcuffs." (Id. at 24.) Plaintiff, however, asserts that the force used by defendant officer Davis was excessive and resulted in injury. (Am. Compl. (ECF No. 4) at 8; Pl.'s Opp.'n (ECF No. 57-2) at 2.)

"'[S]ummary judgment should be granted sparingly in excessive force cases.'" C.V. by and through Villegas v. City of Anaheim, 823 F.3d 1252, 1255 (9th Cir. 2016) (quoting Gonzalez v. City of Anaheim, 747 F.3d 789, 795 (9th Cir. 2014)). This is "'[b]ecause the excessive force inquiry nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom[.]" Glenn v. Washington County, 673 F.3d 864, 871 (9th Cir. 2011) (quoiting Smith v. City of Hemet, 394 F.3d 689, 701 (9th Cir. 2005) (en banc)). The undersigned finds that based on the evidence before the court a jury is required to sift through the parties' disputed factual contentions.

Defendants argue that plaintiff's characterization of the use of force "is inconsistent with what is seen on the body camera footage" defendants have provided as evidence. (Defs.' MSJ (ECF No. 53-1) at 22.) In this regard, defendants argue that "[t]he body camera footage demonstrates Officer Davis used a minimal amount of force necessary to detain Walton, by putting his arms in a control hold so he could apply handcuffs. Walton was non-compliant and borderline belligerent, which required Officer Davis to use minimal force." (Id. at 24.)

It is true that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007); see also Vos v. City of Newport Beach, 892 F.3d 1024, 1028 (9th Cir. 2018) ("The record is viewed in the light most favorable to the nonmovants . . . so long as their version of the facts is not blatantly contradicted by the video evidence.").

7

However, "[t]he mere existence of video footage of the incident does not foreclose a genuine factual dispute as to the reasonable inferences that can be drawn from that footage." Vos, 892 F.3d at 1028.  The undersigned has viewed the video evidence provided by defendants and finds that it cannot be said to blatantly contradict plaintiff's version of the facts.  Indeed, the video evidence does not blatantly contradict either versions of events.  To the contrary, the video is largely consistent with the parties' basic recounting of the events and only conclusively establishes that the incident at issue involved some use of force.  Although one could certainly view the video evidence as supporting one parties' version of events, the video does not blatantly contradict either parties' version.

This is so, in part, because the video evidence does not clearly depict the entirety of the use of force at issue, as the camera often is not focused on the parties' interaction or is obscured. Cf. Morton v. Kirkwood, 707 F.3d 1276, 1284 (11th Cir. 2013) ("where an accurate video recording completely and clearly contradicts a party's testimony, that testimony becomes incredible").  As defendants acknowledge, "the footage at times faces away from Walton's person – and this is conveniently when Walton testified Officer Davis began 'striking' him[.]"  (Defs.' MSJ (ECF No. 53-1) at 24.)  In this regard, plaintiff's deposition testimony was that the video evidence "doesn't capture [Davis'] body or hand movements or any of the attack of the assault that took place."  (Walton Depo., Defs.' Ex. Y (ECF No. 54) at 47.)

"[A] court should not discount the nonmoving party's story unless the video evidence provides so much clarity that a reasonable jury could not believe his account." Darden v. City of Fort Worth, Texas, 880 F.3d 722, 730 (5th Cir. 2018).  Here, the video evidence does not provide such clarity.  Accordingly, under these circumstances, the undersigned cannot recommend that summary judgment be granted with respect to the amended complaint's excessive force claim. See Glenn v. Washington County, 673 F.3d 864, 878 (9th Cir. 2011) ("We recognize that the officers have offered evidence that could support a verdict in their favor.  A jury could view the facts as the district court did, and likewise reach the conclusion that the officers' use of force was reasonable.  But on summary judgment, the district court is not permitted to act as a factfinder.

////

The circumstances of this case can be viewed in various ways, and a jury should have the opportunity to assess the reasonableness of the force used after hearing all the evidence.").

## II. Judicial Deception

The amended complaint also alleges that in June of 2016, "Detective Scott Rounds of the Yuba City Police Department obtained an invalid search warrant in Sutter County, California and performed an illegal search and seizure" on plaintiff's residence in Las Vegas. (Am. Compl. (ECF No. 4) at 9.)

"It is clearly established that judicial deception may not be employed to obtain a search warrant." KRL v. Moore, 384 F.3d 1105, 1117 (9th Cir. 2004). To proceed on a judicial deception claim, a "plaintiff 'must make (1) a 'substantial showing' of deliberate falsehood or reckless disregard for the truth, and (2) establish that but for the dishonesty, the challenged action would not have occurred. If a plaintiff satisfies these requirements, 'the matter should go to trial.'" Butler v. Elle, 281 F.3d 1014, 1024 (9th Cir. 2002) (quoting Liston v. County of Riverside, 120 F.3d 965, 972-75 (9th Cir. 1997)). Omissions, misstatements, or erroneous assumptions alone are not sufficient to support a claim of judicial deception. See Ewing v. City of Stockton, 588 F.3d 1218, 1224 (9th Cir. 2009).

Here, defendants' evidence establishes the following. On May 12, 2016, defendant detective Rounds drafted a search warrant in Yuba City to obtain permission to search: (1) plaintiff's vehicle which was then located at the Yuba City Police Department; and (2) an iPhone in plaintiff's possession at the time of the arrest. (Def. Rounds' Decl., Ex. C (ECF No. 54-1) at 5, 44-58.) The warrant was reviewed by a prosecutor, signed by a judge, and executed. (Id. at 5.) Plaintiff has offered no argument or evidence challenging this warrant or the resulting search and seizure.

Instead, plaintiff argues that defendant detective Rounds "recklessly drafted an erroneous search warrant affidavit used to deceive a judicial officer and obtain an illegal search warrant on the Plaintiff[']s Las Vegas, NV residence." (Pl.'s Opp'n (ECF No. 57) at 8.) Defendants, however, have provided evidence that the warrant to search plaintiff's Las Vegas residence was solely drafted by detective Sean Lucero of the Las Vegas Metropolitan Police Department. (Def.

Rounds' Decl. (ECF No. 54-1) at 21.) Although detective Lucero's warrant relied on the May 12, 2016 Yuba City warrant drafted by defendant detective Rounds, defendant Rounds did not draft the warrant seeking to search plaintiff's Las Vegas residence nor was defendant detective Rounds present when the Las Vegas warrant was executed. (Id. at 23-61.) Plaintiff acknowledged these facts at his deposition. (Defs.' Ex. Y (ECF No. 54) at 211-14.)

Moreover, plaintiff has offered no evidence to establish the existence of any deliberate falsehood or reckless disregard for the truth. Instead, the entirety of the evidence before the court, recounted above and supported by defendants' exhibits, establishes the following: (1) plaintiff was arrested on charges that included human trafficking; (2) a victim described in detail plaintiff's activities of human trafficking; (3) a judge found there was probable cause to search plaintiff's Las Vegas residence; (4) a search of plaintiff's residence found evidence of human trafficking; and (5) plaintiff pled no contest to human trafficking in violating California Penal Code § 236.1(b).

To support a claim for judicial deception, "a § 1983 plaintiff must show that the investigator 'made deliberately false statements or recklessly disregarded the truth in the affidavit' and that the falsifications were 'material' to the finding of probable cause." Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (9th Cir. 2002) (quoting Hervey v. Estes, 65 F.3d 784, 790 (9th Cir. 1995)). Plaintiff here has made no such showing.

**CONCLUSION**

Given the evidence presented by the parties on summary judgment, there does not appear to be even a scintilla of evidence that defendant Rounds engaged in judicial deception. See Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000) ("A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact" precluding summary judgment); Summers v. A. Teichert & Son, Inc., 127 F.3d 1150, 1152 (9th Cir. 1997) ("a mere scintilla of evidence will not be sufficient to defeat a properly supported motion for summary judgment; rather, the nonmoving party must introduce some significant probative evidence tending to support the complaint").

////

In the absence of any evidence of a disputed issue of material fact regarding plaintiff's judicial deception claim, the undersigned finds that defendants are entitled to summary judgment in their favor on the amended complaint's judicial deception claim. After adequate time for discovery, plaintiff has failed to make a showing sufficient to establish the existence of any disputed issue of fact regarding elements essential to plaintiff's judicial deception claim and on which plaintiff would bear the burden of proof at trial.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' July 14, 2020 motion for summary judgment (ECF No. 53), re-noticed on October 16, 2020 (ECF No. 71) be denied in part and granted in part;

2. Judgment be entered in defendant Rounds' favor as to plaintiff's claim of judicial deception; and

3. Defendants' motion for summary judgment be denied as to the amended complaint's excessive force claim against defendant Jason Davis.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 9, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/walton0080.msj.f&rs